## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSRAM GMBH and<br>OSRAM SEMICONDUCTORS GMBH<br><br>Plaintiffs.<br><br>v.<br><br>CITIZEN WATCH CO., LTD.<br>CITIZEN ELECTRONICS CO., LTD.<br>And CECOL, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)    C.A. No. 06-710-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CITIZEN WATCH CO., LTD.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
1313 N Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

*Attorneys for Defendants*
*Citizen Watch Co., Ltd., Citizen Electronics*
*Co., Ltd., and Cecol, Inc.*

Richard D. Kelly
Steven P. Weihrouch
Daniel Pereira
Alexander E. Gasser
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: February 26, 2007

## Table of Contents

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

    I.    CITIZEN WATCH IS NOT SUBJECT TO PERSONAL JURISDICTION IN
          DELAWARE BASED ON ITS OWN ACTIVITIES ............................................. 4

      A.  The Delaware Long-Arm Statute Does Not Authorize the Assertion of Personal
           Jurisdiction over Citizen Watch ........................................................................... 5

          1.   Osram Cannot Satisfy the Specific Jurisdiction Requirement ....................... 6

          2.   Osram Cannot Satisfy the General Jurisdiction Requirement ....................... 6

    II.   CITIZEN WATCH IS NOT SUBJECT TO JURISDICTION FOR THE ACTS
          OF ITS SUBSIDIARIES ...................................................................................... 7

    III.  ALL SEVEN CLAIMS IN OSRAM'S COMPLAINT FAIL TO STATE A
          CLAIM UPON WHICH RELIEF CAN BE GRANTED ....................................... 8

CONCLUSION ................................................................................................................... 9

## <u>Table of Authorities</u>

**Cases**

*Ace & Co. v. Balfour Beatty PLC,*
148 F. Supp. 2d 418 (D. Del. 2001)...................................................................... 7

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
772 F. Supp. 1458 (D. Del. 1991).................................................................... 5, 6

*Asahi Metal Indus. Co. v. Superior Court,*
480 U.S. 102 (1987)........................................................................................... 4

*Carteret Sav. Bank, F.A. v. Shushan,*
954 F.2d 141 (3d Cir. 1992).............................................................................. 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408 (1984)........................................................................................... 6

*International Shoe v. Washington,*
326 U.S. 310 (1945)........................................................................................... 6

*Mountain View Pharmacy v. Abbott Laboratories,*
630 F.2d 1383 (10th Cir. 1980) ........................................................................ 8

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,*
819 F.2d 434 (3d Cir. 1987)............................................................................... 6

*Reach & Assoc., P.C. v. Dencer,*
269 F. Supp. 2d 497 (D. Del. 2003)................................................................... 4

*Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.,*
1991 WL 129174 (Del. Ch.) .............................................................................. 7

*Stranahan Gear Co., Inc. v. NL Indus., Inc.,*
800 F.2d 53 (3d Cir. 1986)................................................................................. 4

*Tracinda Corp. v. Daimlerchrysler AG,*
197 F. Supp. 2d 86 (D. Del. 2002)..................................................................... 5

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.,*
201 F. Supp. 2d 294 (D. Del. 2002)................................................................... 4

**Statutes**

10 Del. C. § 3104(c)...........................................................................................................5

28 U.S.C. § 1331 ...............................................................................................................1

28 U.S.C. § 1338(a) ..........................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(2)..................................................................................................1, 9

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 8, 9

Defendant Citizen Watch Co., Ltd. ("Citizen Watch") moves under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) to dismiss the complaint filed against Citizen Watch by Osram GmbH and Osram Opto Semiconductors GmbH (collectively "Osram") for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Osram filed a complaint and a first supplemental complaint against Citizen Watch, Citizen Electronics Co., Ltd. ("CE") and Cecol, Inc. ("Cecol") alleging patent infringement.[1]  Osram claims jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent infringement).  In the "Jurisdiction and Venue" section of the complaint, Osram states that "[u]pon information and belief Citizen Watch Co., Ltd. is the parent of Citizen Electronics Co., Ltd. and has committed acts of infringement through Citizen Electronics Co., Ltd., and contracts to supply services and/or things in Delaware."  The allegations of infringement in the jurisdiction and venue section regarding Citizen Watch are based on allegations that (1) that Citizen Watch is the "parent of Citizen Electronics" and (2) that Citizen Watch "contracts to supply services and/or things in Delaware".  Neither basis is sufficient to support an allegation of patent infringement.

Osram apparently realized this and tried to cure the defect by careful wording. Osram combines the three defendants together and labels them "Citizen." The specific allegations of infringement made in the complaint are all made against the

---

[1] The language of the two complaints is, in all relevant instances, identical.  The First Supplemental Complaint simply added the allegation of infringement of an additional patent, bringing the total number of counts to seven.  For simplicity, this motion will simply refer to "the complaint".

undifferentiated "Citizen" despite the fact that Osram's jurisdictional allegations against Citizen Watch are insufficient.

Citizen Watch does not sell white LEDs in the United States, does not manufacture white LEDs for sale in the United States, does not offer white LEDs for sale in the United States, and does not import into the United States white LEDs. Furthermore, Citizen Watch does not conduct business in Delaware at all, whether related to white LEDs or not. Because Citizen Watch has not engaged in any activity in Delaware, or anywhere in the United States, giving rise to the causes of action and because Citizen Watch is not generally present in Delaware, Citizen Watch should be dismissed from this lawsuit for lack of personal jurisdiction.

Even if the Court were to find that it has personal jurisdiction over Citizen Watch, all counts of the complaint should be dismissed against Citizen Watch for failure to state a claim upon which relief can be granted. The complaint fails for the simple reason that Citizen Watch has nothing to do with white LEDs – the subject matter of all of the patents-in-suit – in the United States.

## STATEMENT OF FACTS

Citizen Watch is a Japanese corporation with headquarters in Tokyo, Japan. (Declaration of Shigeru Komine ("Komine Decl.") at ¶ 4) (Ex. A hereto). CE's headquarters are in a different city in Japan. (Komine Decl. at ¶ 10). On October 1, 2005, CE became a wholly-owned subsidiary of Citizen Watch. (Komine Decl. at ¶ 9). CE manufactures LEDs and components for white LEDs for sale in the United States. Citizen Watch does not produce or manufacture white LEDs or components of white LEDs in the United States. (Komine Decl. at ¶ 5). Citizen Watch also does not import,

sell, or offer to sell white LEDs or products containing white LEDs in the United States. (Komine Decl. at ¶ 6).

Production of white LEDs for sale in the United States is done by CE. (Komine Decl. at ¶ 7). Though CE is a subsidiary of Citizen Watch, CE is an independent corporate entity with an independent board of directors. (Komine Decl. at ¶ 10). This board is responsible for day-to-day management of CE and makes independent business decisions regarding white LEDs, including decisions about the design and manufacture of the LEDs and the import, sale and offers to sell the white LEDs in the United States. *Id.* These decisions are not controlled by Citizen Watch. The distribution of white LEDs in the United States is controlled by CE, not Citizen Watch. *Id.* CE is responsible for obtaining its own business, so any sales or offers to sell in the United States is business that is generated by CE, not Citizen Watch. *Id.*

Citizen Watch itself is not licensed to do business in the State of Delaware. (Komine Decl. at ¶ 11). Citizen Watch does not have an office in Delaware, a mailing address in Delaware, nor does it own any real property in Delaware. (Komine Decl. at ¶¶ 12, 16, 13). Contrary to the insufficient assertions in the complaint, Citizen Watch does not contract to supply services or things in Delaware. (Komine Decl. at ¶ 14). Citizen Watch has never filed any civil suit in Delaware, in either state or federal court. (Komine Decl. at ¶ 15). Citizen Watch does not maintain any bank accounts in Delaware (Komine Decl. at ¶ 17). Any Citizen Watch products that are sold in Delaware (for example, Citizen watches) reach Delaware through a Citizen Watch subsidiary or other independent company. Citizen Watch does not control the day-to-day management of

3

these companies. Furthermore, these companies enter into their own contracts and these contracts are not under the control of Citizen Watch. (Komine Decl. at ¶ 18).

## ARGUMENT

### I.    CITIZEN WATCH IS NOT SUBJECT TO PERSONAL JURISDICTION IN DELAWARE BASED ON ITS OWN ACTIVITIES

To determine whether personal jurisdiction exists, the court must determine if the plaintiff satisfied both a statutory and a constitutional requirement. *Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). First, the court must determine whether there is a statutory basis for asserting jurisdiction under Delaware's long-arm statute. *Id.* If the long-arm statute requirement is satisfied, then the court must determine whether the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. *Id.*

When the defense of lack of personal jurisdiction is raised, the plaintiff bears the burden of showing the basis for the exercise of that jurisdiction. *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002). The plaintiff may not simply rely on the pleadings alone to withstand the motion to dismiss. *Id.* (citing *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1986). Instead, they must "come forward with facts sufficient to establish by a preponderance of the evidence that the court can exercise personal jurisdiction over the defendant." *Id.* (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

When the party over whom jurisdiction is sought is foreign, the United States Supreme Court has stated that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal*

*Indus. Co. v. Superior Court*, 480 U.S. 102, 115 (1987). Echoing this sentiment, the

Delaware courts have acknowledged that "the added dimension of foreign policy

concerns requires the Court to exercise more caution in analyzing the contacts at issue" in

a case, as here, where the defendant is a foreign corporation. *Tracinda Corp. v.

Daimlerchrysler AG*, 197 F. Supp. 2d 86, 98 (D. Del. 2002).

> **A.    The Delaware Long-Arm Statute Does Not Authorize the Assertion of
> Personal Jurisdiction over Citizen Watch**

The Delaware long-arm statute permits the exercise of jurisdiction over a non-

resident who:

> (1) Transacts any business or performs any character of work or
> service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this
> State;
>
> (4) Causes tortious injury in the State or outside of the State by an act
> or omission outside the State if the person regularly does or solicits
> business, engages in any other persistent course of conduct in the State
> or derives substantial revenue from services, or things used or
> consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property,
> risk, contract, obligation or agreement located, executed or to be
> performed within the State at the time the contract is made, unless the
> parties otherwise provide in writing.

10 Del. C. § 3104(c). Osram can not establish jurisdiction over Citizen Watch under any

provisions of this statute.

1.    **Osram Cannot Satisfy the Specific Jurisdiction Requirement**

Subsections 1-3 and 5-6 of the statute are specific jurisdiction provisions. To satisfy these provisions, Osram must be able to show that the cause of action arises from Citizen Watch's contacts with the forum. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991). They cannot do so. This is an action for infringement of patents relating to white LEDs. Despite Osram's attempt to broadly define "Citizen" as an infringer, Citizen Watch cannot be shown to have taken any action in Delaware to infringe any Osram patent.

All seven counts of Osram's complaint allege infringement of various patents. Osram alleges that "Citizen" infringes by "making, using, offering to sell, and/or selling within the United States, and/or importing into the United States white LEDs." But Citizen Watch does not make, use, offer for sale or sell white LEDs in Delaware, or anywhere else in the United States.

Delaware's long-arm statute does not permit the exercise of personal jurisdiction in this case. Citizen Watch has not transacted business, contracted to supply goods or services, or committed any act relating to Osram's claims of patent infringement.

2.    **Osram Cannot Satisfy the General Jurisdiction Requirement**

Subsection 4 of the long-arm statute is a general jurisdiction provision. *Applied Biosystems*, 772 F. Supp. at 1466. General jurisdiction does not require that the alleged contacts are related to the cause of action. *Id.* But to assert general jurisdiction, Osram "must show significantly more than mere minimum contacts." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). The contacts must be continuous, systematic and substantial. *Helicopteros Nacionales de Colombia, S.A. v.*

*Hall*, 466 U.S. 408, 414-15 (1984). And "[t]he essential due process inquiry asks whether the defendants have had sufficient minimum contacts with the forum to satisfy 'traditional notions of fair play and substantial justice.'" *Applied Biosystems*, 772 F. Supp. at 1470 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).

Citizen Watch's contacts with Delaware are not continuous, systematic and substantial. They are non-existent. Citizen Watch is not licensed to do business in the State of Delaware (Komine Decl. at ¶ 11); it does not have an office, a mailing address, or any real property in Delaware. (Komine Decl. at ¶¶ 12, 16, 13). Citizen Watch does not contract to supply services or things in Delaware. (Komine Decl. at ¶ 14). Citizen Watch has never filed any civil suit in Delaware, in either state or federal court. (Komine Decl. at ¶ 15). And Citizen Watch does not maintain any bank accounts in Delaware (Komine Decl. at ¶ 17). Clearly, Citizen Watch does not have contacts with Delaware "that are so extensive and continuing that it is fair and consistent with state policy to require that the defendant appear here and defend a claim." *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Prods., Inc.*, 1991 WL 129174, at *3 (Del Ch.).

## II.    CITIZEN WATCH IS NOT SUBJECT TO JURISDICTION FOR THE ACTS OF ITS SUBSIDIARIES

Osram will not be able to save its jurisdictional flaw by latching onto the activities of Citizen Watch's subsidiaries. Osram makes a conclusory allegation in its complaint that "[u]pon information and belief Citizen Watch Co., Ltd. is the parent of Citizen Electronics Co., Ltd. and has committed acts of infringement through Citizen Electronics Co., Ltd." Even if this vague allegation were true (and it is not), it would not be enough.

Delaware law has long established that a court may not assert personal jurisdiction over a foreign parent corporation based on the activities of its subsidiary.

*Ace & Co. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422-23 (D. Del. 2001). So even

if Osram could prove that a Citizen Watch subsidiary performed acts in Delaware, this

would not be sufficient to justify the exercise of personal jurisdiction over Citizen Watch.

### III.    ALL SEVEN CLAIMS IN OSRAM'S COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if this court finds that Citizen Watch is subject to personal jurisdiction in

Delaware, Citizen Watch should be dismissed from the case under Fed. R. Civ. P.

12(b)(6).

All seven of Osram's claims state that "Citizen" infringes by "making, using,

offering to sell, and/or selling within the United States, and/or importing into the United

States white LEDs." This allegation fails because there is no possible relief that can be

granted regarding Citizen Watch. As discussed in detail, *supra*, Citizen **Watch** is not

involved at all with the import, sale or offer for sale of white LEDs in the United States,

nor does Citizen Watch sell any products in the United States incorporating white LEDs.

Thus, there cannot be any infringement of the patent by Citizen Watch.

Osram is not saved by combining Citizen Watch together with CE and Cecol as

"Citizen" and then accusing this amalgamation of patent infringement. It is improper for

Osram to combine the defendants together and level an undifferentiated claim of

infringement against the group. *See, e.g., Mountain View Pharmacy v. Abbott Labs.*, 630

F.2d 1383, 1386-87 (10th Cir. 1980) ("A blanket statement that twenty-eight defendants

have conspired to fix prices on drug sales to thirteen plaintiffs does not provide adequate

notice for responsive pleading.")

Osram's claims against Citizen Watch should be dismissed as improperly pled.

8

## CONCLUSION

For the foregoing reasons, Citizen Watch respectfully requests the court to dismiss Osram's claims against Citizen Watch for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or, in the alternative, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard D. Kelly
Steven P. Weihrouch
Daniel Pereira
Alexander E. Gasser
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: February 26, 2007

779762 / 31008

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     1313 N Market Street, 6th Floor
     P.O. Box 951
     Wilmington, DE 19899
     Tel: (302) 984-6000
     Fax: (302) 658-1192
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*Citizen Watch Co., Ltd., Citizen Electronics*
*Co., Ltd., and Cecol, Inc.*

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 26, 2007, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading:

William J. Marsden, Jr.
Fish & Richardson P.C.
919 N. Market Street, Ste. 1100
P.O. Box 1114
Wilmington, DE  19801

I hereby certify that on February 26, 2007, I have Electronically Mailed the documents to

the following:

Alan D. Smith
Charles H. Sanders
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
smith@fr.com
Sanders@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

776067 / 31008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OSRAM GMBH and<br>OSRAM OPTO SEMICONDUCTORS<br>GMBH<br><br>          Plaintiffs,<br><br>     v.<br><br>CITIZEN WATCH CO., LTD.,<br>CITIZEN ELECTRONICS CO., LTD.<br>And CECOL, INC.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-710-SLR |

## DECLARATION OF SHIGERU KOMINE IN SUPPORT OF MOTION TO DISMISS CITIZEN WATCH CO., LTD.

I, Shigeru Komine, declare as follows:

1.    I hold the title of General Manager of the Intellectual Property Department at Citizen Watch Co., Ltd. ("Citizen Watch"). I have worked in the Intellectual Property Department for 14 years and I have worked for Citizen Watch for a total of 27 years.

2.    I am submitting this declaration in support of the Citizen Watch Co., Ltd's Motion to Dismiss filed in the above-captioned lawsuit.

3.    As part of my job duties, I have knowledge of the products produced, sold, or offered for sale by Citizen Watch in the United States. I also have knowledge of the corporate structure of Citizen Watch and its relationship to Citizen Electronics Co., Ltd. ("CE").

4.    Citizen Watch is a Japanese corporation. Its headquarters are located at 6-1-12, Tanashi-cho, Nishi-Tokyo-shi, Tokyo 188-8511.

1

5.     Citizen Watch does not produce or manufacture white LEDs or components of white LEDs in the United States.

6.     Citizen Watch does not import, sell, or offer for sale white LEDs or products containing white LEDs anywhere in the United States.

7.     CE is the Citizen Group entity that produces and imports white LEDs for sale in the United States.

8.     The Citizen Watch website does not offer any LEDs for sale. Though the Citizen Watch website mentions LEDs under "OPT Devices" (http://www.citizen.co.jp/english/corporate/task_info.html), when visitors to the website click on "Our Products" for OPT Devices, they are re-directed to the CE website (http://www.c-e.co.jp/index.asp).

9.     Prior to October 1, 2005, CE was not a wholly-owned subsidiary of Citizen Watch and the companies had separate listings on the Tokyo Stock Exchange.

10.    Though CE is now a wholly-owned subsidiary of Citizen Watch, CE is an independent corporate entity from Citizen Watch.

     a.   Citizen Watch has a separate board of directors from CE. CE's board of directors is independent from Citizen Watch and makes independent business decisions regarding white LEDs, including decisions regarding the design and manufacture of LEDs, as well as the import, sale or offer to sell white LEDs in the United States. These decisions are not controlled by Citizen Watch, and CE is responsible for its own day-to-day management;

2

> b. CE distributes its white LED products in the United States through its own distribution channels and with its own distribution agreements that are not controlled by Citizen Watch, and CE obtains its own business;
>
> c. Citizen Watch's headquarters is in a different city than CE's headquarters.

11. Citizen Watch is not licensed to do business in the state of Delaware and does not conduct business in the state of Delaware.

12. Citizen Watch does not have offices in Delaware.

13. Citizen Watch does not own real property in Delaware.

14. Citizen Watch does not contract to supply services or things in Delaware.

15. Citizen Watch has never filed any civil action in any Delaware state or federal court.

16. Citizen Watch does not have a mailing address in Delaware.

17. Citizen Watch does not maintain any bank accounts in Delaware.

18. Any Citizen Watch products sold in Delaware are sold by independent subsidiary companies or other independent companies. Citizen Watch does not control the day-to-day management of such companies. Such independent companies and subsidiaries enter into contracts independent from Citizen Watch, obtain their own business, and have independent officers from Citizen Watch.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

February 26, 2007                    _Shigeru. Homine_

3